W. B. West, III, U. S. Atty., Fort Worth, Tex., for United States.

Bryan Bradbury, Abilene, Tex., for plaintiffs.

ESTES, District Judge.

#### Findings of Fact.

**1.**

Wordie Hopkins and wife, Zona Hopkins, are the owners of 182 acres of agricultural land in Taylor County, Texas, the north boundary line of which is approximately one-quarter of a mile south of the south boundary line of Dyess Air Force Base. Dyess Air Force Base is a military installation of the United States of America lying south of the town of Tye in Taylor County, Texas.

**2.**

Dyess Air Force Base was placed in operation on April 26, 1954. Flights of large heavy military aircraft operating out of Dyess Air Force Base have occurred in substantial numbers since April 1, 1956.

**3.**

There is, and has been, since the base was placed in operation, one main runway located thereon running in a north-south direction about 13,000 feet in length and 200 feet in width. The center line of this runway projected to the south runs across the eastern part of the lands belonging to plaintiffs. The improve-

**Wordie HOPKINS, and wife, Zona Hopkins, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1798.**

United States District Court
N. D. Texas,
Abilene Division.

May 9, 1959.

ments located on plaintiffs' farm consist of a residence and out buildings located 5,000 feet south of the south end of this runway and 1,200 feet west of the extended center line of such runway.

4.

Since April, 1956, up to the present time there have been three main types of aircraft operating from Dyess Air Force Base: The KC–97, the C–124 (both propeller driven aircraft) and the B–47 (a multi engine jet propelled aircraft). Most of the take-offs are toward the south over plaintiffs' property.

5.

All aircraft taking off from Dyess Air Force Base are required to have filed instrument flight plans with air traffic control. When operating under flight plan, on a southerly take-off the B–47 type jet bomber, which creates the greatest amount of noise and disturbance of all types of aircraft used on this installation, proceeds in a southerly direction, a distance of 15 miles along the extended center line of the runway until an altitude of 6,000 feet is reached before making a turn in any other direction. On landings of the B–47 planes to the north at a distance of 1,750 feet south of the south end of the runway, the altitude above the ground would be 150 feet. At a distance of 5,000 feet south of the runway the B–47 would be at an average altitude of 450 feet in landing in a northerly direction. The noise and disturbance from the B–47s is much greater when they are taking off than when they are landing. However, there have been frequent flights of military aircraft operating in and out of Dyess Air Force Base over the Hopkins' property at low altitudes since April 1, 1956.

6.

The highest and best use of plaintiffs' property is agricultural and farming. The fair market value of plaintiffs' land, under the conditions of aircraft activity overhead, as of April 1, 1956, was reduced by $3,980.

## Conclusions of Law.

Upon the foregoing findings of fact, the Court concludes as a matter of law:

■ (1) that defendant United States of America has taken an easement of flight over plaintiffs' property and that plaintiffs are entitled to recover just compensation therefor under the Fifth Amendment of the Constitution of the United States. United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206, and the cases cited in the opinion of this Court in United States v. 4.43 Acres of Land, etc., 137 F.Supp. 567, approved in United States v. 64.88 Acres of Land, etc., 3 Cir., 244 F.2d 534.

■ (2) that plaintiffs are entitled to recover of and from the United States of America the sum of $3,980 plus an amount computed at a rate of 4% per annum from April 1, 1956, to the time of payment, all as just compensation for the taking of such flight easement and the resulting damages to plaintiffs' property.

■ that defendant is entitled to be vested with a perpetual easement of flight over plaintiffs' property for airplanes of any character.

## Judgment.

The Court having filed its findings of fact and conclusions of law, which are made a part of the judgment herein, it is Ordered, Adjudged and Decreed that plaintiffs recover of and from the United States of America the sum of $3,980, together with interest thereon from April 1, 1956, to date of payment at the rate of 4% per annum, all as just compensation for the taking of a flight easement and the resulting damages to plaintiffs' property, subject to the execution by plaintiffs of a deed conveying to defendant a perpetual easement of flight for airplanes of any character over the entire extent of plaintiffs' 182 acres, more or less, at elevations above 150 feet.

No costs are adjudged against either party.